## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| KEITH A. BRAUER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 1:17-cv-03572 |
| | ) |
| COMCAST CORPORATION | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT'S ANSWR TO PLAINTIFF'S COMPLAINT

NOW COMES Defendant Comcast Corporation ("Defendant"), by and through its attorneys, Steve A. Miller and Jessica D. Causgrove of Fisher & Phillips LLP, and hereby answers Plaintiff Keith Brauer's ("Plaintiff") Complaint as follows:

1. At all times relevant herein, Plaintiff is an individual residing in Ingleside, Illinois.

**ANSWER:** Comcast lacks knowledge and information sufficient to form a belief as to the truthfulness of the allegations contained in this paragraph and, therefore, denies the same.

2. At all times relevant herein, Defendant, COMCAST CORPORATION, is a corporation doing business throughout the State of Illinois, including at several locations in the City of Chicago in County of Cook.

**ANSWER:** Comcast denies the allegations contained in this paragraph. Further answering, Comcast states that subsidiaries of Comcast Corporation conduct business within the State of Illinois, including several locations in the City of Chicago and County of Cook.

3. At all times relevant herein Defendant employed Plaintiff.

**ANSWER:** Comcast denies the allegations contained in this paragraph. Defendant further states that Comcast Cable Communications Management, LLC employed Plaintiff in 2016.

4. That on January 22, 2016, while in the course of his employment, Plaintiff fell on ice sustaining & laceration and concussion.

**ANSWER:** Comcast admits that Plaintiff filed a workers' compensation claim alleging that he sustained workplace injuries on or about January 22, 2016. Comcast lacks knowledge and information sufficient to form a belief as to the truthfulness of the remaining allegations contained in this paragraph and, therefore, denies the same.

5. Due to the work accident and the injuries sustained, Plaintiff was forced to take time off from work, and filed an Application for Benefits with the Illinois Workers' Compensation Commission, naming Defendant as the Employer/Respondent.

**ANSWER:** Comcast admits that Plaintiff filed a workers' compensation claim with the Illinois Workers' Compensation Commission, naming Defendant as the Employer/Respondent, and alleging that he sustained injuries due to a workplace accident. Comcast lacks knowledge and information sufficient to form a belief as to the truthfulness of the remaining allegations contained in this paragraph and, therefore, denies the same.

6. On or about October 14, 2016, Defendant terminated Plaintiff's employment solely attributable to his work related injury.

**ANSWER:** Comcast denies the allegations contained in this paragraph.

7. At all times relevant herein, Defendant was subject to the provisions of the Illinois Workers' Compensation Act, 820 ILCS 305/4 et seq.

**ANSWER:** Comcast states that the allegations contained in this paragraph constitute legal conclusions to which no response is required. To the extent that a response is required, Comcast denies the allegations contained in this paragraph as Comcast Corporation does not conduct business within the state of Illinois.

8. That the termination of Plaintiff's employment by Defendant was intentional and was in retaliation for his assertion of his rights and remedies under the Workers' Compensation Act pursuant to the work related injuries he sustained while working for the Defendant.

**ANSWER:** Comcast denies the allegations contained in this paragraph.

9. The termination of Plaintiff's employment by Defendant is unlawful and violates a clear mandate of public policy which is expressly prohibited by 820 ILCS 305/4(h) of the Workers' Compensation Act: "It shall be unlawful for any employer . . . to discharge or threaten to discharge, or refuse to rehire or recall to active service in a suitable capacity an employee because of the exercise of his or her rights and remedies granted to him and her by this Act.".

**ANSWER:** Comcast admits that this paragraph includes a partial recitation of 820 ILCS 305/4(h). Comcast denies that it violated 820 ILCS 305/4(h) or any other provision of the Workers' Compensation Act, and denies the remaining allegations contained in this paragraph.

10. As a direct and proximate result of the above unjust termination, plaintiff has suffered damages and will continue to suffer damages in the form of lost wages, benefits, mental anguish concerning the loss of his means of support, and damage to his reputation.

**ANSWER:** Comcast denies the allegations contained in this paragraph. Comcast further denies that it engaged in any unlawful employment practices or conduct that resulted in any damage to Plaintiff or that Plaintiff is entitled to any relief or damages whatsoever.

## Affirmative Defenses

### First Defense

Without prejudice to Comcast's denials and other statements of its pleadings, Plaintiff's Complaint fails in whole or in part, to state a claim upon which relief may be granted.

### Second Defense

Without prejudice to Comcast's denials and other statements of its pleadings, Plaintiff's claims and/or damages are barred to the extent she failed to mitigate her alleged damages.

### Third Defense

Without prejudice to Comcast's denials and other statements of its pleadings, Plaintiff's claims may be barred by the doctrine of estoppel, unclean hands, and/or laches.

### Fourth Defense

Without prejudice to Comcast's denials and other statements of its pleadings, Comcast is not liable for any alleged injuries or damages resulting from the effects of Plaintiff's preexisting emotional, psychological, physical conditions, and/or alternative or concurrent cause which may not be the result of any act or omission of Comcast.

### Fifth Defense

Without prejudice to Comcast's denials and other statements of its pleadings, Plaintiff's claims are barred, in whole or in part, by the "after acquired" evidence doctrine.

### Sixth Defense

Without prejudice to Comcast's denials and other statements of its pleadings, Plaintiff's claims for liquidated damages, double damages, exemplary damages, special damages, and/or punitive damages are barred because Comcast's conduct was not willful.

COM 506841_1
FPDOCS 32902050.1

**Seventh Defense**

Without prejudice to Comcast's denials and other statements of its pleadings, Plaintiff's claims are barred to the extent that they involve transactions or events or seek damages for periods of time outside the applicable statutory limitations period for filing administrative charges or commencing this lawsuit.

**Ninth Defense**

Without prejudice to Comcast's denials and other statements of its pleadings, Comcast may not be held vicariously liable for punitive damages based on any alleged unlawful employment decisions made by its managerial agents, if any are proven, because any such allegedly unlawful decisions were contrary to Comcast's policies and good faith efforts to comply with federal, state, and local laws.

Comcast may have additional affirmative defenses as of yet unknown, but which will be identified through discovery in this matter, and Defendant respectfully reserves the right to assert the same as and when appropriate.

**WHEREFORE**, Defendant Comcast Corporation having fully answered, prays that the Court enter judgment in its favor, for its costs, for reasonable attorney's fees, and for such other relief as the Court deems proper.

Dated: May 17, 2017                    Respectfully submitted,

                                       By:    s/ Jessica D. Causgrove
                                              Steve A. Miller
                                              Jessica D. Causgrove
                                              **FISHER & PHILLIPS LLP**
                                              10 South Wacker Drive, Suite 3450
                                              Chicago, Illinois 60606
                                              (312) 346-8061 Phone

312) 346-3179 Facsimile  
smiller@fisherphillips.com  
jcausgrove@fisherphillips.com  
Firm No.: 41344

*Attorneys for Defendant*  
Comcast Corporation

COM 506841_1  
FPDOCS 32902050.1

## CERTIFICATE OF SERVICE

The undersigned attorney of FISHER & PHILLIPS LLP certifies on May 17, 2017, I electronically filed the foregoing **DEFENDANT'S ANSWER TO COMPLAINT** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

> Meghan White
> Slavin & Slavin LLC
> 100 North LaSalle Street, 25th Floor
> Chicago, IL 60602
> *Attorney for Plaintiff*

and via U.S. Certified Mail.

Dated: May 17, 2017

Respectfully submitted,

By: s/ Jessica D. Causgrove
Steve A. Miller
Jessica D. Causgrove
**FISHER & PHILLIPS LLP**
10 South Wacker Drive, Suite 3450
Chicago, Illinois 60606
(312) 346-8061 Phone
312) 346-3179 Facsimile
smiller@fisherphillips.com
jcausgrove@fisherphillips.com
Firm No.: 41344

*Attorneys for Defendant*
Comcast Corporation